1 | David C. Kiernan (SBN 215335)
dkiernan@jonesday.com
2 | JONES DAY
555 California Street, 26th Floor
3 | San Francisco, CA 94104
Telephone: (415) 626-3939
4 | Facsimile: (415) 875-5700

5 | Ryan K. Walsh (*pro hac vice* forthcoming)
rkwalsh@jonesday.com
6 | JONES DAY
1221 Peachtree Street, N.E.
7 | Atlanta, GA 30361
Telephone: (404) 521-3939
8 | Facsimile: (404) 581-8330

9 | Stuart W. Yothers (*pro hac vice* forthcoming)
syothers@jonesday.com
10 | JONES DAY
250 Vesey Street
11 | New York, NY 10281
Telephone: (212) 326-3939
12 | Facsimile: (212) 755-7306

13 | *Attorneys for Petitioners Matthews International Corporation and Matthews International GmbH*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MATTHEWS INTERNATIONAL CORPORATION; MATTHEWS INTERNATIONAL GMBH,<br><br>Petitioners,<br><br>v.<br><br>TESLA, INC.,<br><br>Respondent. | Case No: 25-cv-3325<br><br>Hearing Date and Time: TBD<br><br>**MATTHEWS INTERNATIONAL CORPORATION'S AND MATTHEWS INTERNATIONAL GMBH'S NOTICE OF PETITION AND PETITION TO CONFIRM ARBITRATION AWARD; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT**<br><br>Judge: |

**PUBLIC / REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

**NOTICE OF PETITION AND PETITION**

1. TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE that as soon as this matter may be heard, Petitioners Matthews International Corporation and Matthews International GmbH (collectively, "Matthews") will and hereby do petition this Court under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.* and the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention") as implemented by Chapter 2 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 201 *et seq.*, for an Order confirming the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, entering final judgment thereon, and granting such other relief as is just and proper. This Petition is supported by the following Memorandum of Points and Authorities, the accompanying Declaration of Ryan K. Walsh and exhibits attached thereto, other pleadings that may be filed in this matter, and such other evidence and argument as may be presented on this Petition to Confirm.

**STATEMENT OF RELIEF SOUGHT**

2. Petitioners Matthews International Corporation and Matthews International GmbH (collectively, "Matthews") petition this Court as follows: for an Order, pursuant to the FAA, 9 U.S.C. § 1 *et seq.* and the New York Convention as implemented by Chapter 2 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 201 *et seq.*, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, entering final judgment thereon, and granting such other relief as is just and proper.

**MEMORANDUM OF POINTS AND AUTHORITIES**

3. This petition is made on the following grounds, which Matthews, by and through its undersigned counsel, alleges:

**A.     Nature of this Action**

4. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓.[1]

**B.     The Parties**

5.     Petitioner Matthews International Corporation is a corporation organized and incorporated under the laws of the Commonwealth of Pennsylvania, with its principal place of business at Two NorthShore Center, Pittsburgh, Pennsylvania.

6.     Petitioner Matthews International GmbH is a limited liability company organized under the laws of Germany, with its principal place of business at Gutenbergstraße 1-3, 48691 Vreden, Germany.

7.     Respondent Tesla, Inc. is a corporation organized and incorporated under the laws of the State of Texas, with its principal place of business at 1 Tesla Road, Austin, Texas.

**C.     Jurisdiction and Venue**

8.     Subject-matter jurisdiction in this Court is proper under 9 U.S.C. § 203, which states that United States District Courts shall have original jurisdiction over an action that falls within the New York Convention. Because this action concerns an "arbitral award arising out of a legal relationship . . . which is considered as commercial" and is not an "award arising out of such a relationship which is entirely between citizens of the United States[,]" 9 U.S.C. § 202, this action falls under the New York Convention. *See also HayDay Farms, Inc. v. FeeDx Holdings, Inc.*, 55 F.4th 1232, 1239 (9th Cir. 2022) ("Arbitration awards that, as here, involve at least one foreign party are governed by the Convention.").

---

[1] All references to "Exhibit" or "Ex." refer to exhibits to the accompanying declaration of Ryan K. Walsh ("Walsh Decl.").

9. This Court also has subject-matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332(a)(2), in that this action is between citizens of Texas, Pennsylvania, and Germany, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

10. The Court has personal jurisdiction over Tesla.

9 U.S.C. § 9 ("If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding.").

11. Tesla's contacts with the Northern District of California are also independently sufficient to subject it to personal jurisdiction in this district. On information and belief, Tesla has its engineering headquarters in Palo Alto, California at 1501 Page Mill Road Palo Alto, CA 94304 and maintains a Tesla Factory in Fremont, California at 45500 Fremont Boulevard, Fremont, CA 94538. The Court also has personal jurisdiction over Tesla because Tesla has committed acts within and specifically directed to the State of California. Thus, Tesla has established minimum contacts with California such that the exercise of specific personal jurisdiction would not offend traditional notions of fair play and substantial justice. Moreover, Tesla has purposefully availed itself of this forum by filing a lawsuit against Matthews International Corporation. *See* Order Granting Motion to Compel Arbitration, *Tesla, Inc. v. Matthews International Corporation*, Case No. 5:24-cv-03615-EJD (N.D. Cal. Oct. 7, 2024), ECF No. 50 at 6.

12. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391 and 9 U.S.C. § 204 because this is the Court for the "district and division which embraces the place designated in the agreement as the place of arbitration." ▓▓▓

### D. Divisional Assignment

13. This case is appropriate for assignment to the San Jose Division pursuant to Civil Local Rule 3-2(e) because ▓▓▓

### E. Statement of Facts

#### 1. Background

14. Matthews is a global provider of advanced processing systems and equipment used widely across industries, including battery production. ▓▓▓ Tesla is a global leader in sustainable energy technology and proprietary battery technology, among other things. ▓▓▓







26.

28. The FAA provides that "[w]ithin three years after an arbitral award falling under the [New York] Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration." 9 U.S.C. § 207.[2]

29. An "arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial" and not "entirely between citizens of the United States" falls under the New York Convention. 9 U.S.C. § 202. "To determine whether the Convention applies to an arbitration agreement courts generally consider four factors: whether (1) the agreement is in writing within the meaning of the Convention, (2) the agreement provides for arbitration in the territory of a signatory of the Convention, (3) the agreement arises out of a [commercial] legal relationship, and (4) a party to the agreement is not an American citizen or the commercial relationship has some reasonable relation with a foreign state." *Ding v. Structure Therapeutics,*

---

[2] This Petition is also timely under 9 U.S.C. § 9 ("[A]t any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award . . .").

1  *Inc.*, No. 24-CV-01368-JSC, 2024 WL 4609593, at *4 (N.D. Cal. Oct. 29, 2024) (citing *Balen v.*
2  *Holland Am. Line Inc.*, 583 F.3d 647, 654–55 (9th Cir. 2009)).

[Lines 3–13: redacted]

14      31.    The review of a New York Convention award "is quite circumscribed." *Ministry of*
15  *Def. of the Islamic Republic of Iran v. Gould, Inc.* ("*Ministry of Def.*"), 969 F.2d 764, 770 (9th Cir.
16  1992). When a petitioner seeks an order confirming an award under the New York Convention,
17  the "district court has little discretion: '[t]he court *shall* confirm the award unless it finds one of the
18  grounds for refusal or deferral of recognition or enforcement of the award specified in the [New
19  York] Convention.'" *Id.* (citing 9 U.S.C. § 207); *Polimaster Ltd. v. RAE Sys., Inc.*, 623 F.3d 832,
20  835–36 (9th Cir. 2010) (noting the "seven defenses to the recognition or enforcement of an arbitral
21  award" enumerated in the New York Convention).[3]

---

[3] The seven Convention defenses are, in short: (1) the arbitration agreement is invalid; (2) the party against whom the award is invoked was not given proper notice of the arbitration or was otherwise unable to present its case; (3) the award deals with matters beyond the scope of the arbitration agreement; (4) the composition of the arbitral tribunal or the arbitral procedure was not in accordance with the parties' agreement or applicable law; (5) the award has not yet become binding or has been set aside by a competent authority; (6) the subject matter of the award is not

32. The defenses specified under the Convention "are interpreted narrowly." *Id.* at 836. This burden is "substantial because the public policy in favor of international arbitration is strong." *Id.* Here, no such grounds exist.

33. Alternatively, if Section 9 of the FAA applies, confirmation is also warranted. The FAA directs that within a year of an arbitration award, any party can apply to the District Court with jurisdiction "for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected." 9 U.S.C. § 9. "There is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies." *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008). The district court has "extremely limited review authority," and is permitted to modify, strike, or vacate an award only "to correct a technical error, to strike all of a portion of an award pertaining to an issue not at all subject to arbitration, and to vacate an award that evidences affirmative misconduct in the arbitral process or the final result or that is completely irrational or exhibits a manifest disregard for the law." *Kyocera Corp. v. Prudential-Bache T Servs.*, 341 F.3d 987, 997–98 (9th Cir. 2003). Indeed, "confirmation is required even in the face of erroneous findings of fact or misrepresentations of law." *Id* (internal quotation omitted). "The burden of proof in a proceeding to confirm an arbitration award is on the party defending against enforcement." *BraunHagey & Borden LLP v. GMP Hawaii, Inc.*, No. 13-CV-05253-TEH, 2014 WL 662496, at *3 (N.D. Cal. Feb. 20, 2014). Again, no grounds for refusal or deferral of confirmation exist here.

---

capable of settlement by arbitration under the law of the country where enforcement is sought; and (7) the enforcement of the award is contrary to the public policy of the country where enforcement is sought. Convention, Art. V.

1  35. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

**PRAYER FOR RELIEF**

Wherefore, Matthews respectfully requests that the Court:

a. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and enter judgment in conformity; and

b. Grant such other relief as the Court deems just and proper.

Dated: April 14, 2025              Respectfully submitted,

                                   Jones Day


                                   By: /s/ *David C. Kiernan*
                                       David Kiernan

                                   Counsel for Petitioners
                                   MATTHEWS INTERNATIONAL
                                   CORPORATION AND MATTHEWS
                                   INTERNATIONAL GMBH