1  David C. Kiernan (SBN 215335)
   dkiernan@jonesday.com
2  JONES DAY
   555 California Street, 26th Floor
3  San Francisco, CA  94104
   Telephone:    (415) 626-3939
4  Facsimile:    (415) 875-5700

5  Ryan K. Walsh (*pro hac vice*)
   rkwalsh@jonesday.com
6  JONES DAY
   1221 Peachtree Street, N.E.
7  Atlanta, GA  30361
   Telephone:    (404) 521-3939
8  Facsimile:    (404) 581-8330

9  Stuart W. Yothers (*pro hac vice*)
   syothers@jonesday.com
10 JONES DAY
   250 Vesey Street
11 New York, NY  10281
   Telephone:    (212) 326-3939
12 Facsimile:    (212) 755-7306

13 *Attorneys for Petitioners Matthews International*
   *Corporation and Matthews International GmbH*

14

15                  **UNITED STATES DISTRICT COURT**

16                  **NORTHERN DISTRICT OF CALIFORNIA**

17                          **SAN JOSE DIVISION**

18

19 MATTHEWS INTERNATIONAL                  Case No:  25-cv-3325-EJD-VKD
   CORPORATION;
20 MATTHEWS INTERNATIONAL GMBH,            **MATTHEWS INTERNATIONAL**
                                           **CORPORATION'S AND MATTHEWS**
21              Petitioners,               **INTERNATIONAL GMBH'S NOTICE**
                                           **OF MOTION AND MOTION TO**
22      v.                                 **CONFIRM ARBITRATION AWARD**
                                           **AND ENTER JUDGMENT THEREON;**
23 TESLA, INC.,                            **MEMORANDUM OF POINTS &**
                                           **AUTHORITIES IN SUPPORT**
24              Respondent.
                                           Date:      August 28, 2025
25                                         Time:      9:00 a.m.
                                           Judge:     Hon. Edward J. Davila
26                                         Courtroom: 4

27        **REDACTED / PUBLIC VERSION OF DOCUMENT SOUGHT TO BE SEALED**

28

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE that on August 28, 2025 at 9:00 am, Petitioners Matthews International Corporation and Matthews International GmbH (collectively, "Matthews") will and hereby do move this Court under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.* and the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention" or "Convention") as implemented by Chapter 2 of the FAA, 9 U.S.C. § 201 *et seq.*, for an Order confirming the ███████████████████████████████████████ ███████████████████████████████████████████ ██████████████████████████████████████ entering final judgment thereon, and granting such other relief as is just and proper. This Motion is supported by the following Memorandum of Points and Authorities, the accompanying Declaration of Ryan K. Walsh and exhibits attached thereto, other pleadings that have been or will be filed in this matter, and such other evidence and argument as may be presented on this Motion to Confirm Arbitration Award ("Motion").

**STATEMENT OF RELIEF SOUGHT**

Petitioners Matthews International Corporation and Matthews International GmbH seek an Order, pursuant to the FAA, 9 U.S.C. § 1 *et seq.* and the New York Convention as implemented by Chapter 2 of the FAA, 9 U.S.C. § 201 *et seq.*, ███████████████████████████████████ and entering final judgment thereon.

**TABLE OF CONTENTS**

Page

I.      INTRODUCTION ........................................................................................................... 1

II.     PROCEDURAL HISTORY ........................................................................................... 2

III.    STATEMENT OF THE ISSUE TO BE DECIDED ..................................................... 3

IV.     STATEMENT OF RELEVANT FACTS ...................................................................... 4

        ███ ███ ███████████████ ............................................................. 4

        ███ ███ █████████████ .................................................................. 4

        ███ ███ ███████████████ ............................................................. 5

        D.      Matthews' Petition To Confirm And Tesla's Non-Opposition ............................. 7

        E.      Related Proceedings ............................................................................................. 8

V.      LEGAL STANDARD .................................................................................................. 10

VI.     ARGUMENT ............................................................................................................... 12

        ███ ███ ████████████████ .......................................................... 12

        B.      Tesla Waived Any Opposition To Matthews' Petition. ...................................... 15

VII.    CONCLUSION ............................................................................................................ 19

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page**

3

**CASES**

4

*Ahanchian v. Xenon Pictures, Inc.*,
    624 F.3d 1253 (9th Cir. 2010) ............................................................................. 18

*BBC Chartering Carrier GMBH v. SCL-Nielsen Multimodal Transp., Inc.*,
    No. EDCV 23-2549-KK, 2024 WL 3914487 (C.D. Cal. May 30, 2024) .............................. 13

*Bridgeport Mgmt., Inc. v. Lake Mathews Min. Props., Ltd.*,
    No. 14-CV-00070-JST, 2014 WL 953831 (N.D. Cal. Mar. 6, 2014) .......................... 3, 16, 17

*Bungie, Inc. v. Aimjunkies.com*,
    No. 23-35468, 2024 WL 3934331 (9th Cir. Aug. 26, 2024).................................... 13

*Clos La Chance Wines, Inc. v. AV Brands, Inc.*,
    No. 5:16-CV-04047-EJD, 2016 WL 6427845 (N.D. Cal. Oct. 31, 2016) ............................ 16

*Comer v. Micor, Inc.*,
    436 F.3d 1098 (9th Cir. 2006).............................................................................. 15

*HayDay Farms, Inc. v. FeeDx Holdings, Inc.*,
    55 F.4th 1232 (9th Cir. 2022).............................................................................. 10

*ISC Holding AG v. Nobel Biocare Fin. AG*,
    688 F.3d 98 (2d Cir. 2012).................................................................................. 16

*McLaurin v. Terminix Int'l Co., LP*,
    13 F.4th 1232 (11th Cir. 2021)......................................................................... 3, 17

*Ministry of Def. of the Islamic Republic of Iran v. Gould, Inc.*,
    969 F.2d 764 (9th Cir. 1992)........................................................................... 11, 12

*Ministry of Def. and Support for the Armed Forces of the Islamic Rep. of Iran v.*
*Cubic Def. Sys., Inc.*,
    665 F.3d 1091 (9th Cir. 2011)......................................................................... 14, 15

*Pincay v. Andrews*,
    389 F.3d 853 (9th Cir. 2004).............................................................................. 18

*PMS Distrib. Co. v. Huber & Suhner, A.G.*,
    981 F.2d 1259 (9th Cir. 1992)............................................................................. 17

*Polimaster Ltd. v. RAE Sys., Inc.*,
623 F.3d 832 (9th Cir. 2010) .................................................................... 11, 12, 14, 19

*Seung Woo Lee v. Imaging3, Inc.*,
283 F. App'x 490 (9th Cir. 2008) ........................................................................ 12

**STATUTES**

9 U.S.C.
§ 1 ................................................................................................................ 7
§ 6 .................................................................................................. 7, 8, 15, 17
§ 10 .............................................................................................................. 13
§ 11 .............................................................................................................. 13
§ 12 .............................................................................................................. 17
§ 201 .............................................................................................................. 7
§ 202 ............................................................................................................ 10
§ 207 ................................................................................................ 1, 11, 12

**OTHER AUTHORITIES**

Fed. R. Evid. 201 ........................................................................................ 13

L.R. 7-2 .......................................................................................................... 16

L.R. 7-3 ............................................................................................ 7, 8, 16, 18

NOTICE OF MOTION AND MOTION TO CONFIRM
ARBITRATION AWARD
Case No. 25-cv-3325

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Matthews' Petition and present Motion to recognize and enforce are timely under the Federal Arbitration Act ("FAA").  9 U.S.C. § 207.

"The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the [New York] Convention."  *Id.*  Tesla, alone, bears the substantial burden of showing the existence of an applicable defense.  Tesla cannot meet its heavy burden of proving that any of the seven, narrow Convention defenses applies here.

Indeed, despite its heavy burden, Tesla chose neither to oppose Matthews' Petition nor to move to vacate within the applicable response period.  Instead, in contravention of the FAA, Tesla filed an "Answer" in which Tesla argued that it need not "expound the reasons why Matthews is not entitled to the relief its Petition seeks" because "the Petition fails to state the date and time of a hearing."[2]  ECF No. 30 at 1.  Tesla's "Answer" and refusal to timely oppose Matthews' Petition was a transparent effort to delay confirmation

---

[1] References to "Exhibit" or "Ex." refer to exhibits to the declaration of Ryan K. Walsh filed concurrently herewith.

[2] As a practical matter, Matthews could not have provided a hearing date and time when it filed the Petition because the case had not been assigned.  And it was not assigned to Judge Davila until April 15, 2025.

1  to otherwise prejudice Matthews. Walsh

2  Decl., at ¶ 24.

3

4  . Thus, to the extent that Tesla had any legitimate basis to

5  oppose the Petition (or move to vacate), surely Tesla would have been in a position to present them

6  on May 7, 2025, over three months later. The fact that Tesla refused to set forth its arguments for

7  another two months confirms that Tesla's objective was not to defeat Matthews' Petition, but rather

8  to delay the inevitable and prejudice Matthews.

9  Tesla's improper refusal to respond, however, has consequences: In doing so, Tesla waived

10  any opposition to confirmation. But, as noted above, even if Tesla's gamesmanship in delaying

11  Matthews' Petition does not constitute waiver, Tesla has no basis to oppose confirmation

12  . Matthews therefore respectfully requests that its Petition and Motion be

13  granted                    .

14  **II.    PROCEDURAL HISTORY**

15  In light of Tesla's numerous improper filings in the Northern District of California (instead

16  of in arbitration,                    ), this Court is familiar with the parties' dispute and Tesla's

17  increasingly desperate efforts to prevent Matthews from selling its dry battery electrode ("DBE")

18  equipment to parties other than Tesla. *See, e.g.*, Case No. 24-cv-03615-EJD at ECF Nos. 50 and

19  69 (compelling Tesla to arbitrate its related claims against Matthews); Case No. 25-cv-01533-EJD

20  at ECF No. 29 (Matthews' motion to compel arbitration of Tesla's additional related claims against

21  Matthews). Even so, Matthews sets forth the following procedural and factual histories to provide

22  context for Matthews' Petition.

23

24

25

26

27

28

1    �altered▌.  The same

2    day, Matthews initiated the present action by timely filing a Notice of Petition, Petition to Confirm

3    Arbitration Award, Memorandum of Points and Authorities in Support, and a Declaration with

4    exhibits in support of the Petition.  ECF No. 1 (redacted); ECF No. 2-3 (sealed).

5        On May 7, 2025, instead of an opposition, Tesla filed an "Answer," although there was no

6    complaint to which an answer would be appropriate.  *See* ECF No. 30.  In its Answer, Tesla stated

7    its intent to file a motion to vacate, but not until the very end of the three-month statutory period

8    allotted by the FAA for such motions.  *Id.* at 1.  Tesla further stated in its Answer that it would not

9    "expound the reasons why Matthews is not entitled to the relief its Petition seeks" because "the

10   Petition fails to state the date and time of a hearing."  *Id.*  Of course, this case was not assigned

11   until April 15, 2025, ECF No. 6, and not assigned to Judge Davila until May 7, 2025 (the same day

12   Tesla filed its Answer), ECF No. 28, explaining why Matthews did not state the date and time of a

13   hearing in its Petition.

14       Tesla claims that its decision to file an Answer and its refusal to provide arguments in

15   opposition to Matthews' Petition, "is not an attempt at obstruction."  Yet Tesla doth protest too

16   much; the very cases Tesla relies on reject Tesla's positions, confirming that Tesla (1) could not

17   file an "Answer" in response to a Petition, *Bridgeport Mgmt., Inc. v. Lake Mathews Min. Props.,*

18   *Ltd.*, No. 14-CV-00070-JST, 2014 WL 953831, at *3 (N.D. Cal. Mar. 6, 2014); and (2) that a district

19   court may grant a petition to confirm an award before the three month period runs for the filing of

20   a motion to vacate.  *McLaurin v. Terminix Int'l Co., LP*, 13 F.4th 1232, 1239–41 (11th Cir. 2021).

21       Notwithstanding Matthews' belief that Tesla's actions constitute waiver of opposition to

22   the Petition, Matthews notices the instant Motion to avoid any procedural uncertainty.  To the extent

23   Tesla's waiver is excused, the Court should nevertheless grant Matthews' Petition and Motion

24   because Tesla cannot meet its substantial burden in showing that any defenses to confirmation

25   apply.

26   **III.    STATEMENT OF THE ISSUE TO BE DECIDED**

27       The issue to be decided is whether Matthews is entitled to an Order, pursuant to the FAA

28   and the New York Convention, ▌altered▌

**IV.    STATEMENT OF RELEVANT FACTS**

Matthews is a global provider of advanced processing systems and equipment used widely across industries, including battery production. Ex. 1 at 2. Tesla is a provider of sustainable energy and battery technology, among other things. *Id.*







**D.     Matthews' Petition To Confirm And Tesla's Non-Opposition**

On April 14, 2025, Matthews initiated the instant action by filing a Petition to Confirm Arbitration Award pursuant to the FAA, 9 U.S.C. § 1 *et seq.* and the New York Convention as implemented by Chapter 2 of the FAA, 9 U.S.C. § 201 *et seq.* ECF No. 1. On April 16, 2025, the summons was served on Tesla. ECF No. 12. Although Matthews filed a Petition, not a complaint, Tesla chose not to file an opposition pursuant to Civil L.R. 7-3(a). ECF No. 30; *see also* 9 U.S.C. § 6 ("Any application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions . . .[.]"). Instead, on May 7, 2025, Tesla filed an "Answer," in which Tesla failed to oppose Matthews' Petition. ECF No. 30 at 2. Tesla argued that "the Court should hold substantive treatment of [Matthews'] Petition in abeyance," pending Tesla's planned motion to vacate, which it announced it would wait to file until mid-July. *Id.*; *see also* Ex. 11 (Tesla May 8, 2025 Letter).

Although Tesla failed to timely oppose the Petition, waiving its right to oppose confirmation, Matthews told Tesla it would file the present Motion and "invite[d] Tesla to file any motion for vacatur as a cross-motion with its opposition brief." Ex. 12 (Matthews May 12, 2025 Letter). Matthews also proposed that the parties file a joint submission requesting a lengthened briefing schedule to accommodate Tesla filing a combined opposition brief and cross-motion. *Id.*

1    Tesla refused Matthews' proposal. Ex. 13.  On May 14, 2025, the parties met and conferred

2    for roughly fifteen minutes regarding Matthews' Motion, its proposal, and Tesla's position.  Walsh

3    Decl., at ¶ 22.  Tesla once again refused Matthews' proposal, and Matthews confirmed its intent to

4    file the instant Motion.  *Id.*

5    Less than an hour after the parties' meet and confer concluded, Tesla unilaterally filed an

6    administrative motion for a scheduling order ("Administrative Motion"), asking the Court to enter

7    a briefing schedule that allowed Tesla to wait to file its motion to vacate until July 11, 2025.  *Id.*;

8    ECF No. 34.  At no point during the parties' 15-minute meet and confer did Tesla's counsel mention

9    its intent to file such a motion.  Walsh Decl., at ¶ 22.

10    The Court granted Tesla's Administrative Motion the next day, May 15, 2025, before

11    Matthews filed its opposition to the motion, providing Tesla the delayed briefing schedule it

12    requested.  ECF No. 35.  On May 16, 2025, Matthews filed a Motion for Leave to File a Motion

13    for Reconsideration of the Court's grant of Tesla's Administrative Motion.  ECF No. 36.  On May

14    20, 2025 the Court denied Matthews' motion, maintaining the briefing schedule Tesla requested in

15    its Administrative Motion.  ECF No. 40.  The Court, however, noted that "the Court's briefing

16    schedule order does not indicate its position on Tesla's timeliness under 9 U.S.C. § 6 and Civil L.R.

17    7-3(a)" and that "Matthews may still raise these arguments."  *Id.*

18    **E.    Related Proceedings**

19    ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

20    ▓▓▓, there are two other related cases between the parties before this Court, Case No. 5:24-cv-

21    03615-EJD ("First NDCA Action") and No. 5:25-cv-01533-EJD ("Second NDCA Action"), ▓▓▓

22    ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

23    1.    The First NDCA Action.

24    ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

25    ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓  No. 5:24-cv-03615-EJD, ECF No. 50 (sealed)

26    and No. 76 (redacted) at 5.  In June 2024, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

27    ▓▓▓▓▓▓▓▓▓▓, Tesla filed trade secret misappropriation claims against Matthews in this Court "based

28    on the same conduct . . . subject to the ongoing ▓▓▓▓▓▓▓▓ proceedings."  *Id.* at 5–6.  Yet "Tesla

1    fail[ed] to inform the Court of this ongoing ▓▓▓▓▓ proceeding or the GTC's arbitration clause

2    in its Complaint." *Id.* at 12.  Matthews moved to compel arbitration of Tesla's claims, which this

3    Court granted on October 7, 2024.  *Id.* at 13.

4        It was in the First NDCA Action that, on February 7, 2025, less than twenty-four hours after

5    the issuance of the ▓▓▓▓▓, Tesla filed a motion for temporary restraining order.  No. 5:24-

6    cv-03615-EJD, ECF No. 57.  Tesla filed that motion seeking to enjoin Matthews from selling any

7    DBE equipment despite ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

8    ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *Id.* at 1.  And Tesla filed that motion in federal court notwithstanding

9    this Court's prior order compelling that case to arbitration.

10        During oral argument on that motion, when faced with Matthews' argument that res judicata

11    (among other things) precluded the relief Tesla sought, Tesla's counsel argued that ▓▓▓▓▓▓

12    ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

13    ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

14    ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ The

15    Court denied Tesla's request for a TRO.  No. 5:24-cv-03615-EJD, ECF No. 69.

16    ▓▓ ▓▓▓▓▓▓

17    ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

18    ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

19    ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

20    ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

21    ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

22    ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

23    ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

24    ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

25    ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

26

27

28

1

2

3      3.      The Second NDCA Action.

4      On February 13, 2025,

5                                                                    Tesla filed its latest complaint against

6   Matthews, asserting claims for correction of inventorship, breach of contract, promissory estoppel,

7   and quasi-contract/restitution.  No. 5:25-cv-01533-EJD, ECF No. 1.  Tesla filed that complaint in

8   the Oakland Division and, once again, failed to inform the Court of the ongoing

9   proceedings or                                               *See id.*

10      On March 13, 2025, Matthews filed a motion to relate the then two pending N.D. Cal. cases,

11   which Tesla opposed.  No. 5:24-cv-03615-EJD, ECF Nos. 84, 90, 91.  The Court granted Matthews'

12   motion on March 25, 2025.  No. 5:24-cv-03615-EJD, ECF No. 99.  The parties were preparing a

13   stipulation to also relate the above-captioned case before the Court *sua sponte* related all three

14   pending cases, which are now all before Judge Davila.  ECF No. 27.

15      On April 25, 2025, Matthews moved to compel arbitration of Tesla's latest claims, which

16   Tesla opposed, and a hearing on that motion is set before this Court on August 7, 2025.  No. 5:25-

17   cv-01533-EJD, ECF No. 41 at 5.

18   **V.    LEGAL STANDARD**

19      Because this action concerns an "arbitral award arising out of a legal relationship . . . which

20   is considered as commercial" and is not an "award arising out of such a relationship which is

21   entirely between citizens of the United States[,]" *see* 9 U.S.C. § 202, this action falls under the New

22   York Convention.[4]  *See also HayDay Farms, Inc. v. FeeDx Holdings, Inc.*, 55 F.4th 1232, 1239

23   _____

24   [3] This marked the third time in three separate proceedings that Tesla filed a motion for emergency

25   injunctive relief seeking to prevent Matthews from selling DBE equipment.  No. 5:24-cv-03615,

26   ECF No. 69 at 1–2; Ex. 14.  All three of Tesla's TRO motions have been denied (at great cost to

27   the parties).

28   [4]

1  (9th Cir. 2022) ("Arbitration awards that, as here, involve at least one foreign party are governed

2  by the Convention.").

8        The FAA provides that "[w]ithin three years after an arbitral award falling under the [New

9  York] Convention is made, any party to the arbitration may apply to any court having jurisdiction

10  under this chapter for an order confirming the award as against any other party to the arbitration."

11  9 U.S.C. § 207.  The review of a New York Convention award "is quite circumscribed."  *Ministry*

12  *of Def. of the Islamic Republic of Iran v. Gould, Inc.*, 969 F.2d 764, 770 (9th Cir. 1992) ("*Ministry*

13  *of Def.*").  When a petitioner seeks an order confirming an award under the New York Convention,

14  the "district court has little discretion: '[t]he court *shall* confirm the award unless it finds one of the

15  grounds for refusal or deferral of recognition or enforcement of the award specified in the [New

16  York] Convention.'"  *Id.* (citing 9 U.S.C. § 207); *Polimaster Ltd. v. RAE Sys., Inc.*, 623 F.3d 832,

17  835–36 (9th Cir. 2010) (noting the "seven defenses to the recognition or enforcement of an arbitral

18  award" enumerated in the New York Convention).  The Convention has seven defenses: (1) the

19  arbitration agreement is invalid; (2) the party against whom the award is invoked was not given

20  proper notice of the arbitration or was otherwise unable to present its case; (3) the award deals with

21  matters beyond the scope of the arbitration agreement; (4) the composition of the arbitral tribunal

22  or the arbitral procedure was not in accordance with the parties' agreement or applicable law; (5)

23  the award has not yet become binding or has been set aside by a competent authority; (6) the subject

24  matter of the award is not capable of settlement by arbitration under the law of the country where

25  enforcement is sought; and (7) the enforcement of the award is contrary to the public policy of the

country where enforcement is sought. *Seung Woo Lee v. Imaging3, Inc.*, 283 F. App'x 490, 492 n.2 (9th Cir. 2008) (quoting New York Convention, Art. V).

The defenses specified under the Convention "are interpreted narrowly." *Polimaster*, 623 F.3d at 836. "As the party seeking to avoid enforcement of the award, [Tesla] has the burden of showing the existence of a New York Convention defense." *Id.* This burden is "substantial because the public policy in favor of international arbitration is strong." *Id.*

## VI.    ARGUMENT



"The district court has little discretion: '[t]he court *shall* confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the [New York] Convention.'" *Ministry of Def.*, 969 F.2d at 770 (quoting 9 U.S.C. § 207). "As the party seeking to avoid enforcement of the award, [Tesla] has the burden of showing the existence of a New York Convention defense." *See Polimaster*, 623 F.3d at 836. This burden is "substantial because the public policy in favor of international arbitration is strong." *Id.*

Tesla cannot meet its burden of proving that any of the seven, narrow Convention defenses applies. *Id.*; *see also Seung Woo Lee*, 283 F. App'x at 492 n.2 (listing Convention defenses). *First*, this Court has already found that "[t]he parties do not dispute that they both agreed to a valid arbitration clause." Order Granting Mot. to Compel Arbitration, *Tesla, Inc. v. Matthews Int'l Corp.*, No. 5:24-cv-03615-EJD, at 6 (N.D. Cal. Oct. 7, 2024) (ECF No. 76) ("10/7/24 Order"); Convention, Art. V.1(a).

*Second*,

Convention, Art. V.1(b); Ex. 1 at 5–6.

*Third*, Tesla cannot claim lack of proper notice

Convention, Art. V.1(c); *see also*

10/7/24 Order at 11–13 (addressing scope and equitable estoppel).

*Fourth*, Tesla also has never challenged the "composition of the arbitral authority or the arbitral procedure." Convention, Art. V.1(d).

Ex. 17 at 1, 4. Moreover, courts "do not review the correctness of the arbitrator's procedural rulings; fundamental fairness requires only that the arbitrator 'give each of the parties to the dispute an adequate opportunity to present its evidence and arguments.'" *Bungie, Inc. v. Aimjunkies.com*, No. 23-35468, 2024 WL 3934331, at *1 (9th Cir. Aug. 26, 2024).

*Fifth*, Convention, Art. V.1(e).

Convention, Art, V.2(a); *BBC*

[5]

1  *Chartering Carrier GMBH v. SCL-Nielsen Multimodal Transp., Inc.*, No. EDCV 23-2549-KK

2  (MRWx), 2024 WL 3914487, at *2 (C.D. Cal. May 30, 2024) (explaining that "courts have held

3  contract disputes are capable of settlement by arbitration" and collecting cases).

4      *Seventh*, Tesla cannot plausibly argue that "[t]he recognition or enforcement of the award

5  [is] contrary to . . . public policy."  Convention, Art. V.2(b); *Polimaster*, 623 F.3d at 836.  The

6  public policy defense "applies only when confirmation or enforcement . . . 'would violate the forum

7  state's most basic notions of morality and justice.'"  *Ministry of Def. and Support for the Armed*

8  *Forces of the Islamic Rep. of Iran v. Cubic Def. Sys., Inc.*, 665 F.3d 1091, 1097 (9th Cir. 2011)

9  (citation omitted).

10  ~~it is the confirmation~~

11  ~~that supports "basic notions of morality and justice." Moreover, the~~

12  U.S. public policy of enforcing contractual obligations and "the strong public policy favoring

13  confirmation of foreign arbitration awards" support confirmation          .

14  *Cubic Def. Sys., Inc.*, 665 F.3d at 1098.

15      In its Answer, the only challenge Tesla raises to confirmation is a cursory, bald assertion

16  that

17

18

19

20

21

22

23

24

25

26

27

28

*See* 10/7/24 Order at 12 (citing *Comer v. Micor, Inc.*, 436 F.3d 1098, 1101 (9th Cir. 2006) ("[Equitable estoppel] precludes a party from claiming the benefits of a contract while simultaneously attempting to avoid the burdens that contract imposes.")).  Matthews therefore respectfully requests that ▮▮▮▮▮▮ be confirmed.

**B.      Tesla Waived Any Opposition To Matthews' Petition.**

Even if Tesla had any grounds to oppose the Petition—it does not—Tesla's bad faith efforts to delay confirmation ▮▮▮▮▮▮ justifies a finding that Tesla has waived its right to oppose the Petition by failing to timely respond.  The FAA provides that "[a]ny application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions."  9 U.S.C. § 6; *see also Cubic Def. Sys., Inc.*, 665 F.3d at 1094–95 n.1 ("Confirmation is a summary proceeding. . . [.]").  Matthews filed its Petition on April 14, 2015, and Tesla was served with the summons on April 16.  ECF No. 1; ECF No. 12.  Instead of filing an opposition as required, Tesla chose to "treat[ ] the Petition as a case-initiating document akin to a complaint" and filed an "Answer" twenty-one days after service of the Petition.  ECF No. 30 at 1.

In its "Answer," Tesla refused to "expound the reasons why Matthews is not entitled to the relief its Petition seeks" or otherwise present any arguments or facts in opposition to Matthews' Petition.  *Id.*  At that time, Tesla argued that it "is not currently obligated to rebut the Petition's

1    substantive or legal allegations" because "the Petition fails to state the date and time of a hearing

2    as required by Civil L.R. 7-2(b) and so is not a properly filed motion." *Id.* (citing *Bridgeport*, 2014

3    WL 953831, at *3). Tesla also defensively argued that its decision to file an Answer and its refusal

4    to provide arguments in opposition, "is not an attempt at obstruction." *Id.*

5         Tesla is wrong on all counts, as confirmed by the very case law cited by Tesla. First, "Civil

6    Local Rule 7-3(a) unequivocally states in pertinent part that '[t]he opposition must be filed and

7    served not more than 14 days after the motion was filed,' without regard to a scheduled or

8    unscheduled hearing." *Clos La Chance Wines, Inc. v. AV Brands, Inc.*, No. 5:16-CV-04047-EJD,

9    2016 WL 6427845, at *2 (N.D. Cal. Oct. 31, 2016) (rejecting argument that respondent was not

10   required to timely oppose for lack of a hearing date).[6]

11        Second, the lone case Tesla relies on for its position that it "is not currently obliged to rebut

12   the Petition's substantive or legal allegations," ECF No. 30 at 1, instructs that the one thing Tesla

13   could *not* have done was to file an answer. *See Bridgeport*, 2014 WL 953831, at *3. *Bridgeport*

14   plainly states that "[t]he FAA provides for petitions to be treated as motions, not complaints. . . .

15   Thus, petitions to compel arbitration filed as instituting suit are not 'actions' to which responsive

16   'pleadings' are possible in the first instance." *Id.* (citing *ISC Holding AG v. Nobel Biocare Fin.*

17   *AG*, 688 F.3d 98, 112 (2d Cir. 2012) ("[Respondent] could not have filed an answer here, any more

18   than [Petitioner] could have filed a complaint.")).

19        Third, Tesla's own case law rejects the premise that the FAA provides an automatic three-

20   month stay to allow Tesla to file a motion for vacatur. *See* ECF No. 34 at 1 (arguing "a district

21   court may confirm an arbitration award only upon determining that neither vacatur nor modification

22   nor correction is required"). In the central case on which Tesla relied in its Administrative Motion,

23   *McLaurin v. Terminix Int'l Co., LP*, the Eleventh Circuit held:

24        Terminix . . . argues that a court cannot confirm an arbitration award without giving
          the losing party three months to file its motion to vacate, modify, or correct. . . . Like
25        the district court, we conclude that Terminix's . . . argument is incompatible with
          the plain text of the statute. . . . Nothing in the statute prevents a party from moving
26

27   [6] And unlike the respondent in *Clos La Chance Wines*, Tesla's failure to meet that deadline and

28   its decision to file an opposition rather than an answer is not excusable neglect. *See id.*

for confirmation of an award within three months of that award or mandates that a district court wait to rule on such a motion because another party may file a motion to vacate.

13 F.4th 1232, 1239–41 (11th Cir. 2021).  The court went on to hold that the district court did not abuse its discretion by ordering the defendant to file its opposition to confirmation along with any motion for vacatur before the end of the three-month period.  *Id.* at 1241–42 ("The statutory deadline for giving notice of a motion to vacate sets an outer bound; it does not impose a three-month delay for the benefit of an arbitration's loser.").  The Eleventh Circuit also held that a court need not wait on a separate motion for vacatur before granting a petition to confirm an arbitration award.  *Id.* at 1243 ("Here, the district court was within its discretion in granting [plaintiffs'] substantively unopposed motion to confirm without addressing [defendant's] later-filed motion to vacate.").  Further, the Eleventh Circuit explained that only "if the losing party files a timely motion" could it "ask the court to stay proceedings to confirm the award until the court rules on the separate motion to vacate."  *Id.* at 1239.

The Ninth Circuit agrees.  In *PMS Distrib. Co., Inc. v. Huber & Suhner, A.G.*, the respondent did not timely oppose the motion to confirm, but instead, filed a vacatur motion within the statutory three-month period.  981 F.2d 1259 (9th Cir. 1992).  The district court denied the vacatur motion "because [respondent] did not timely oppose the motion to confirm."  *Id.*  The Ninth Circuit affirmed:

> Relying on Section 12 of the United States Arbitration Act, 9 U.S.C. § 12, [respondent] argues that it timely filed its motion to vacate the arbitration award within three months of the award's filing.  We conclude this was insufficient to require a ruling on the merits of the motion to vacate. . . . [Respondent] cannot now raise its defenses to confirmation by way of a subsequent motion to vacate.

*Id.* (citations omitted).

*PMS Distributing* confirms that Tesla was required to either file an opposition or file a motion to stay in response to Matthews' Petition, which was to be treated as a motion to confirm, as opposed to an "Answer."  *See also* 9 U.S.C. § 6 ("Any application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions."); *Bridgeport*, 2014 WL 953831, at *3 ("The FAA provides for petitions to be treated as motions[.]").

1   There is no excuse for Tesla failing to present any opposition to Matthews' Petition or present any

2   arguments for vacatur when its response to the Petition was due.

3       Finally, Tesla cannot credibly argue that its conscious disregard for the unequivocal

4   instructions in the very *Bridgeport* and *McLaurin* cases it cites and in the Court's local rules, the

5   FAA, and *Clos La Chance Wines* constitutes excusable neglect. *See Ahanchian v. Xenon Pictures,*

6   *Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010) (articulating the four-factor *Pioneer/Briones* test for

7   excusable neglect: "(1) the danger of prejudice to the opposing party; (2) the length of the delay

8   and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant

9   acted in good faith").

10      Although the last factor, "bad faith[,] can sink an excusable neglect claim" all by itself,

11  *Pincay v. Andrews*, 389 F.3d 853, 862 (9th Cir. 2004) (Kozinski, J., dissenting), the other three

12  *Pioneer/Briones* factors also support waiver and only further demonstrate Tesla's bad faith.

13      The first two factors—danger of prejudice to Matthews and the length of a delay's potential

14  impact on proceedings—largely overlap here and favor a finding of no excusable delay. The FAA

15  dictates that Tesla treat the Petition as a motion and file an opposition, to which Matthews would

16  have filed a reply seven days later. Civil L.R. 7-3(c). Instead, Tesla filed an "Answer," thus

17  initially delaying confirmation as Matthews then had to prepare the present motion instead of the

18  final reply. Tesla was then successful in further delaying confirmation another two months via its

19  Administrative Motion.

20      This delay is intended to prejudice

21

22

23

24

25      Tesla also seeks to delay confirmation to prejudice Matthews' commercial reputation and

26  create doubt in the market regarding whether Matthews can sell its equipment to third parties.

27  Tesla's delay results in further prejudice to Matthews because Tesla will have had over five months

28

1  to prepare its motion to vacate ▨, while Matthews has only 14 days

2  to respond.

3      The third factor—the reason for Tesla's delay—is transparent: ▨

4  ▨

5  ▨

6  ▨

7      As noted above, the Court should grant the Petition and this Motion because Tesla cannot

8  meet its "substantial burden" "to avoid enforcement of the award." *Polimaster*, 623 F.3d at 836.

9  But even if that were not the case, all four *Pioneer/Briones* factors support a finding as waiver, also

10  justifying confirmation ▨.

11  **VII.    CONCLUSION**

12      Because Tesla cannot meet its burden to establish that any defenses to confirmation apply,

13  Matthews respectfully requests an Order granting Matthews' Petition and Motion ▨

14  ▨.[7]

15

16  Dated: June 27, 2025                    Respectfully submitted,

17                                         Jones Day

18

19                                         By: /s/ *Ryan K. Walsh*
                                              Ryan K. Walsh
20

21                                         Counsel for Petitioners
                                           MATTHEWS INTERNATIONAL
22                                         CORPORATION AND MATTHEWS
                                           INTERNATIONAL GMBH

23

24

25

26

27  _____

[7] Matthews filed the Proposed Order granting Matthews' Petition on April 14, 2025.  ECF No. 1-2

28  (redacted); ECF No. 2-5 (sealed).