UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MATTHEWS INTERNATIONAL CORPORATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TESLA, INC.,<br><br>Defendant. | Case No.   5:25-cv-03325-EJD<br><br>**ORDER GRANTING SEALING MOTIONS**<br><br>Re: Dkt. Nos. 2, 29, 37, 49, 50, 54, 58, 61, 64 |

Before the Court are several administrative motions to file under seal and to consider whether another party's material should be sealed brought by both Tesla and Matthews.  ECF Nos. 2, 29, 37, 49, 50, 54, 58, 61, 64.

Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 597 & n.7 (1978)). A request to seal court records therefore starts with a "strong presumption in favor of access." *Kamakana*, 447 F.3d at 1178 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  The standard for overcoming the presumption of public access to court records depends on the purpose for which the records are filed with the court.  A party seeking to seal court records relating to motions that are "more than tangentially related to the underlying cause of action" must demonstrate "compelling reasons" that support secrecy.  *Ctr. For Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016).  For records attached to motions that are "not related, or only tangentially related, to the merits of the case," the lower "good cause" standard of Rule 26(c) applies.  *Id.*; *see also Kamakana*, 447 F.3d at 1179.  A party moving to seal court

Case No.: 5:25-cv-03325-EJD
ORDER GRANTING SEALING MOTIONS
1

records must also comply with the procedures established by Civil Local Rule 79-5.

Having considered the motions to seal, supporting declarations, and all other documents on file, the Court ORDERS as follows:

| ECF No. | Court's Ruling |
|---|---|
| 2 | **GRANTED** as to the information identified in ECF Nos. 2, 2-2, and 17 for the reasons stated therein. Parties shall adhere to Civ. L.R. 79-5(f)(5) in all future filings regarding sealing: "In the event a single document contains various portions that more than one party bears the burden of showing is sealable, the filing party must file separate motions pursuant to 79-5(c) and 79-5(f) as appropriate." |
| 29 | **GRANTED** as to the information identified in ECF Nos. 29 and 29-1 for the reasons stated therein. |
| 37 | **GRANTED** as to the information identified in ECF No. 41 for the reasons stated therein. |
| 49 | **GRANTED** as to the information identified in ECF No. 52 for the reasons stated therein. |
| 50 | **GRANTED** as to the information identified in ECF Nos. 50 and 50-1 for the reasons stated therein. |
| 54 | **GRANTED** as to the information identified in ECF Nos. 54 and 54-1 for the reasons stated therein. |
| 58 | **GRANTED** as to the information identified in ECF No. 60 for the reasons stated therein. |
| 61 | **GRANTED** as to the information identified in ECF No. 63 for the reasons stated therein. |
| 64 | **GRANTED** as to the information identified in ECF Nos. 64 and 64-1 for the reasons stated therein. |

Case No.: 5:25-cv-03325-EJD
ORDER GRANTING SEALING MOTIONS

1  To the extent it is not already on the docket, the parties must publicly file any information
2  not identified in the Court's rulings above within 14 days of this Order.
3  **IT IS SO ORDERED.**
4  Dated: October 1, 2025

EDWARD J. DAVILA
United States District Judge