UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MATTHEWS INTERNATIONAL CORPORATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TESLA, INC.,<br><br>Defendant. | Case No. 5:25-cv-03325-EJD<br><br>**ORDER GRANTING MOTION TO CONFIRM ARBITRATION AWARD; DENYING CROSS-MOTION TO VACATE**<br><br>Re: Dkt. Nos. 51, 55 |

Before the Court is Petitioner Matthews International Corporation and Matthews International GmbH's ("Matthews") motion to confirm an arbitration award ("Award") secured against Respondent Tesla, Inc., ("Tesla"), and Tesla's cross-motion to vacate the Award. Mot., ECF No. 51; Cross-Mot., ECF No. 55. Both motions have been fully briefed. Mot. Reply, ECF No. 62; Cross-Mot. Reply, ECF No. 65.

After carefully reviewing the relevant documents, the Court finds this matter suitable for decision without oral argument pursuant to Local Rule 7-1(b). For the following reasons, the Court **GRANTS** Matthews's motion to confirm the Award and **DENIES** Tesla's cross-motion to vacate.

**I.    BACKGROUND**

Since approximately 1998, Matthews has designed, developed, and manufactured continuous process machinery for battery electrode manufacturing equipment, including solutions

Case No.: 5:25-cv-03325-EJD
ORDER GRANTING MOT. TO CONFIRM ARB. AWARD; DEN. CROSS-MOT. TO VACATE
1

for the manufacture of battery electrodes from dry powder ("DBE").[1]  Award 6–8, ECF No. 49-4.[2] DBE manufacturing solutions essentially streamline the production of lithium-ion batteries and reduce the cost of EVs.  *See id.*  Tesla hired Matthews ▌▌▌▌▌▌▌▌▌▌ to design equipment for Tesla's DBE process to Tesla's specifications.  *Id.* at 12–13.  The parties have since disputed ownership of intellectual property ("IP") related to Matthews's DBE production equipment and its right to sell its equipment to third parties other than Tesla.  *Id.* at 14–15.

On January 10, 2024, Matthews initiated arbitration proceedings against Tesla in part to resolve this IP ownership dispute.  *Matthews International Corp. and Matthews International GmbH v. Tesla, Inc.*, JAMS Ref. No. 5100001732.  On March 20, 2025, the Arbitrator entered the Award at issue here, naming Matthews the prevailing party.  Award 38–39.  A corrected version of the Award with minor typographical changes was subsequently posted on April 14, 2025.  *Id.* at 1.  That same day, Matthews initiated this case to confirm the Award.  Pet. to Confirm Arb. Award, ECF No. 1.

## II. LEGAL STANDARD

The scope of a federal court's review of a final arbitration award under the FAA is generally "extremely limited."  *G.C. & K.B. Invs., Inc. v. Wilson*, 326 F.3d 1096, 1105 (9th Cir. 2003).  The court must confirm and enter judgment on an award "unless the award is vacated, modified, or corrected" according to other sections of the FAA, specifically 9 U.S.C. §§ 10 or 11.  9 U.S.C. § 9.

The FAA provides limited grounds on which an award can be disturbed:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to

---

[1] The Court also incorporates the facts summarized in the Court's orders in *Tesla v. Matthews*, Case No. 24-cv-03615, ECF Nos. 76, 77.
[2] The Court accepts as true the Arbitrator's findings of fact.  *Hayday Farms, Inc. v. FeeDx Holdings, Inc.*, 55 F.4th 1232, 1241 (9th Cir. 2022) ("[Courts] must accept the arbitrator's findings of fact.").

Case No.: 5:25-cv-03325-EJD
ORDER GRANTING MOT. TO CONFIRM ARB. AWARD; DEN. CROSS-MOT. TO VACATE
2

> hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). The "burden of establishing grounds for vacating an arbitration award is on the party seeking it." *United States Life Ins. Co. v. Superior Nat'l Ins. Co.*, 591 F.3d 1167, 1173 (9th Cir. 2010).

When considering a contested issue of confirmation, the district court must afford great deference to the arbitrator's decision. *See Sheet Metal Workers' Int'l Ass'n v. Madison Indus., Inc.*, 84 F.3d 1186, 1190 (9th Cir. 1996); *see also Pack Concrete, Inc. v. Cunningham*, 866 F.2d 283, 285 (9th Cir. 1989). The court must also remain mindful that "arbitration is a consensual agreement of the parties to substitute a final and binding judgment of an impartial entity for the judgment of the court." *Coast Trading Co. v. Pac. Molasses Co.*, 681 F.2d 1195, 1197 (9th Cir. 1982). Importantly, "[n]either erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award." *Bosack v. Soward*, 586 F.3d 1096, 1102 (9th Cir. 2009).

## III.   DISCUSSION

The FAA compels the Court to confirm the Award unless Tesla shows it should be vacated, corrected, or modified. 9 U.S.C. § 9. Tesla urges the Court to vacate the Award pursuant to 9 U.S.C. § 10(a)(4) because the record demonstrates Hon. Jay C. Gandhi (Ret.) ("the Arbitrator") exceeded his powers.

The Ninth Circuit has held that arbitrators "exceed their powers" within the meaning of Section 10(a)(4), in relevant part,[3] when the award "exhibits a 'manifest disregard of law.'" *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 998 (9th Cir. 2003) (internal citations omitted). "This is a high standard for vacatur," and requires "something more than just

---

[3] Arbitrators can also exceed their powers by issuing an Award that is "completely irrational," but Tesla argues only that the Arbitrator exhibited a manifest disregard of the law. *Kyocera Corp.*, 341 F.3d at 998.

Case No.: 5:25-cv-03325-EJD
ORDER GRANTING MOT. TO CONFIRM ARB. AWARD; DEN. CROSS-MOT. TO VACATE
3

an error in the law or a failure on the part of the arbitrators to understand or apply the law." *Lagstein v. Certin Underwriters at Lloyd's, London*, 607 F.3d 634, 641 (9th Cir. 2010) (citing *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010) and *Mich. Mut. Ins. Co. v. Unigard Sec. Ins. Co.*, 44 F.3d 826, 832 (9th Cir. 1995)). Instead, "[i]t must be clear from the record that the arbitrators recognized the applicable law and then ignored it." *Id.* (internal quotation omitted). "[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 38 (1987).

Tesla argues that the Arbitrator exhibited manifest disregard of the law by ignoring California's parol evidence rule and refusing to enforce a clause in the ▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. A central dispute in the arbitration proceedings was the scope of the parties' respective ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *See* Award 2–4. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *Id.* at 25. Relevant here, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *Id.* This section provides that Matthews ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *Id.* at 19–20. The parties refer to this language as the ▓▓▓▓▓▓▓▓▓▓.

Tesla narrowly challenges the Arbitrator's interpretation of the ▓▓▓▓▓▓▓▓. During arbitration proceedings, Tesla argued that the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓—prohibits Matthews from selling *any* ▓▓▓▓▓▓▓▓ or related technological features. *Id.* at 16, 19. Matthews argued that the phrase "▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓" qualified the language Tesla cited, and it sought an order ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Case No.: 5:25-cv-03325-EJD
ORDER GRANTING MOT. TO CONFIRM ARB. AWARD; DEN. CROSS-MOT. TO VACATE
4

█████████████████████████████████████████████████████████████████████

████████ *Id.* at 3.  Matthews also argued that Tesla's interpretation would conflict with other terms in ████████ and with the parties' true intent. *Id.* at 20.  The Arbitrator found Matthews's position more persuasive. *Id.* at 20.

To reach his conclusion, the Arbitrator first looked to the language of the contract and found that Tesla's interpretation of ████████ conflicted with, and made superfluous, other sections of ████████. *Id.* at 21.  For example, the Arbitrator found the ████████████████████████████████████████████████████████████████████████████████████████████████████'" *Id.* at 20.  The Arbitrator also found Tesla's interpretation conflicted with ████████ which provides that the terms are non-exclusive and "████████████████████████████████████████████████████████████████████ *Id.* at 21.  Given these ambiguities, the Arbitrator decided to consider extrinsic evidence to determine the parties' true intent pursuant to California's parol evidence rule. *Id.* at 21.  The Arbitrator found that the evidence, including evidence from the parties' negotiations, supported Matthews's position that it always ████████████████████████████████████████████████████████████████ *Id.* The Arbitrator then concluded that "the evidence in the record does not support a construction of the ████████ that ████████████████████████████████ Accordingly, the Findings and Award provides that the language ████████████████████████████████████████████████████████████████████████████ *Id.* at 38.

Tesla argues that the Arbitrator refused to enforce the language "████████████████████████████████ in ████████ based off a "feeling" untethered to the law. Cross-Mot. Reply 1.  The record as described above shows this is clearly not the case.  This is not, as Tesla contends, a circumstance where the "arbitrator disregards the plain text of a contract without legal justification simply to reach a result that he believes is just." *Aspic Eng'g & Constr. Co. v. ECC Centcom Constructors LLC*, 913 F.3d 1162, 1169 (9th Cir. 2019); *see also Comedy*

Case No.: 5:25-cv-03325-EJD
ORDER GRANTING MOT. TO CONFIRM ARB. AWARD; DEN. CROSS-MOT. TO VACATE
5

1  *Club, Inc. v. Improv West Associates*, 553 F.3d 1277, 1293 (9th Cir. 2009) (vacating award where
2  arbitrator was "fundamentally incorrect" in issuing a noncompete injunction in direct contradiction
3  with California law); Cross-Mot. 9.  Instead, the record shows the Arbitrator carefully reviewed
4  ▉▉▉▉▉▉▉▉ and, finding the terms ambiguous, reviewed extrinsic evidence of the parties'
5  past relationship in compliance with California contract law and the parol evidence rule.  The
6  Court finds no error in this analysis.  *See Imbach v. Schultz*, 377 P.2d 272, 274 (Cal. 1962)
7  ("[W]here the terms of an agreement are set forth in writing, and the words are *not equivocal or*
8  *ambiguous*[, t]he writing or writings will constitute the contract of the parties, and one party is not
9  permitted to escape from its obligations by showing that he did not intend to do what his words
10 bound him to do.") (emphasis added); *Consol. World Invs., Inc. v. Lido Preferred Ltd.*, 11 Cal.
11 Rptr. 2d 524, 527 (Cal. Ct. App. 1992) ("One exception to the parol evidence rule is that extrinsic
12 evidence may be introduced to explain the meaning of *ambiguous* contractual language.")
13 (emphasis added).  And in any event, misapplication of the parol evidence rule would still not
14 necessarily mandate vacatur of the Award.  *See United Paperworkers Int'l Union,* 484 U.S. at 38
15 ("[A]s long as the arbitrator is even arguably construing or applying the contract and acting within
16 the scope of his authority, that a court is convinced he committed serious error does not suffice to
17 overturn his decision.").
18    Tesla also specifically challenges the Arbitrator's finding of ambiguity.  It contends that
19 ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ because California law subordinates a contract's
20 general provisions to particular ones under Cal. Civ. Proc. Code § 1859.  Since ▉▉▉▉ was a
21 general provision, Tesla argues it should not have been found to conflict with the particular
22 language in ▉▉▉▉.  However, the Award shows the Arbitrator did not ignore § 1859—it
23 considered it in conjunction with § 1650: ▉▉▉▉▉▉▉▉▉▉
24 ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
25 ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Award 18.  Reading
26 these two sections together, the Arbitrator concluded that ▉▉▉▉ must be subordinated to the
27 intent of the contract as expressed in ▉▉▉▉ which was to create a non-exclusive contract.
28 Case No.:   5:25-cv-03325-EJD
ORDER GRANTING MOT. TO CONFIRM ARB. AWARD; DEN. CROSS-MOT. TO VACATE
6

*Id.* While Tesla disagrees with the Arbitrator's characterization of ▆▆▆▆ as expressing the parties' general intent, the Arbitrator clearly grounded his conclusion in an application of the law to the facts.

In the end, the Arbitrator did not refuse to enforce a term in manifest disregard of the law; he just refused to enforce Tesla's interpretation of the term. As best summarized by the Arbitrator:



Award 3–4.

## IV. CONCLUSION

Based on the foregoing, the Court **GRANTS** Matthews's motion to confirm the Award and **DENIES** Tesla's cross-motion to vacate.

The April 11, 2025, Corrected Final Award issued on April 14, 2025, attached as Exhibit 1 to the June 27, 2025, Declaration of Ryan K. Walsh is **CONFIRMED** pursuant to 9 U.S.C. § 201, et seq. In conformity with the Final Award, the Court **ENTERS JUDGMENT** in favor of Matthews and against Tesla, embodying the relief set forth in the Final Award.

**IT IS SO ORDERED.**

Dated: October 1, 2025

EDWARD J. DAVILA
United States District Judge

Case No.: 5:25-cv-03325-EJD
ORDER GRANTING MOT. TO CONFIRM ARB. AWARD; DEN. CROSS-MOT. TO VACATE
7